No. 88-585

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

ROBERT LORASH,

        Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
            In and for the County of Yellowstone,
            The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Allen Beck, Billings, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        Paul Johnson, Asst. Atty. General, Helena
        Harold Hanser, County Attorney, Billings, Montana
        Brent Brooks, Deputy County Attorney, Billings

Submitted on Briefs: May 18, 1989

Decided: August 7, 1989

Filed:

_____
                 Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Thirteenth Judicial District, Yellowstone County, State of Montana, the Honorable G. Todd Baugh presiding. The appellant appeals the imposition of his two-year suspended prison sentence for criminal mischief. We affirm.

In June of 1987, the appellant, Robert C. Lorash, (Lorash) and his companion, Dennis S. Hegg, were driving a pickup truck which was towing a large trailer filled with trees and debris. At the intersection of 24th Street West and Broadwater Avenue in Billings, Montana, they became involved in altercation with Mark Richardson. Lorash and Hegg followed Richardson to a Billings residence where Richardson exited his car and went inside. Lorash and Hegg then got out of the pickup and proceeded to hit and kick Richardson's car causing over $1,800 in damage.

Several months later, on September 4, 1987, the State filed its affidavit and motion for leave to file information with the District Court, basing felony jurisdiction on the provisions of § 45-6-101, MCA, which provides:

> (1) A person commits the offense of criminal mischief if he knowingly or purposely:
>
> (a) injures, damages, or destroys any property of another or public property without consent;
>
> . . .
>
> (3) . . . If the offender commits the offense of criminal mischief and causes pecuniary loss in excess of $300, . . . he shall be fined an amount not to exceed $50,000 or be imprisoned in the state

2

> prison for any term not to exceed 10
> years, or both.

On July 25, 1988, Lorash plead guilty to the charge. A presentence investigation report was then prepared which noted that on October 10, 1973, Lorash had been convicted of possession of marijuana, and given a three-year deferred sentence. The presentence investigation report recommended:

> Due to the fact the subject has a
> previous felony and sentencing was
> deferred, the sentence must be suspended
> under MCA 46-18-201(6).

After receiving Lorash's guilty plea to the criminal mischief charge, the District Court sentenced the appellant to two years in the Montana State Prison, but suspended the sentence and placed him on probation for two years. At sentencing, the court noted that the reason the appellant did not receive a deferred sentence as did his co-actor, Hegg, was because of the language in § 46-18-201(6), MCA, which provides in part:

> [I]mposition of sentence in a felony case
> may not be deferred in the case of a
> defendant who has been convicted of a
> felony on a prior occasion whether or not
> the sentence was imposed, imposition of
> the sentence was deferred, or execution
> of the sentence was suspended.

The issue on appeal is whether § 46-18-201(6), MCA, is violative of Article II, section 17 of the Montana Constitution, which provides that no person shall be deprived of life, liberty or property without due process of law.

At the time of sentencing, Lorash, through counsel, argued that he should receive a deferred imposition of sentence despite his prior felony conviction and the limitation on deferred sentences imposed by § 46-18-201(6), MCA. The court responded that the legislature, in passing

3

§ 46-18-201(6), MCA, had limited its sentencing options since that statute requires there shall be no deferred sentence once a previous deferred sentence has been imposed.

We note that Lorash, through counsel, agreed at his sentencing hearing that he had received a deferred sentence in 1973 and that he did not attempt to have the 1973 conviction dismissed, or expunged, pursuant to § 46-18-204, MCA.

This Court has held that the proper standard of review by this Court is:

> [T]he constitutionality of a legislative enactment is prima facie presumed, and every intendment in its favor will be made unless its unconstitutionality appears beyond a reasonable doubt.

T & W Chevrolet v. Darvial (1982), 196 Mont. 287, 292, 641 P.2d 1368, 1370. We have also held that the burden of demonstrating an alleged constitutional infirmity in a legislative enactment rests upon the party raising the challenge. Matter of Kujath's Estate (1976), 169 Mont. 128, 130, 545 P.2d 662, 663; State v. Henrich (1973), 162 Mont. 114, 121, 509 P.2d 288, 292.

Deferral of a sentence is a significant option given to the sentencing judge. It offers the possibility that an offender may later obtain a dismissal of the charges that have been filed against him. At the time the information was filed in this case, September 4, 1987, Lorash was informed that if he had served that sentence with good behavior the charges could be dismissed. Section 46-18-204, MCA (1985), states:

> Whenever the court has deferred the imposition of sentence and after termination of the time period during which imposition of sentence has been deferred, upon motion of the court, the

4

> defendant, or the defendant's attorney, the court may allow the defendant to withdraw his plea of guilty or may strike the verdict of guilty from the record and order that the charge or charges against him be dismissed.

Shortly after Lorash's sentencing, an amendment was made to § 46-18-204, MCA, which became law on October 1, 1987:

> Upon dismissal of the charges, the court shall send an order directing the department of justice to expunge the defendant's record. The order must adequately identify the defendant, such as by sex, race, date of birth, and the current status of the charges to be expunged.

This amendment was repealed on April 6, 1989, and replaced by the following language:

> A copy of the order of dismissal must be sent to the prosecutor and the department of justice, accompanied by a form prepared by the department of justice and containing identifying information about the defendant. After the charge is dismissed all records and data relating to the charge are confidential criminal justice information as defined in 44-5-103 and public access to the information can only be obtained by district court order upon good cause shown.

It should be noted that under 1989 Mont. Laws, chapter 463, all information concerning a charge that has been dismissed under the first sentence of § 46-18-204, MCA, becomes confidential criminal justice information (§ 44-5-103(3), MCA), and dissemination is thereby limited to criminal justice agencies. Section 44-5-303, MCA. The definition of criminal justice agency includes "any court with criminal jurisdiction," § 44-5-103(7)(a), MCA. Courts

5

with criminal jurisdiction are therefore entitled to receive and consider information concerning prior charges which are dismissed under § 46-18-204, MCA.

Here Lorash's argument attacking the constitutionality of § 46-18-201(6), MCA, is moot because the 1987 amendment to § 46-18-204, MCA, was stricken and became ineffective on April 6, 1989, by approval of Chapter 463, Mont. Laws. (1989).

We find that Lorash has not sustained his heavy burden of demonstrating that § 46-18-201(6), MCA, is unconstitutional beyond a reasonable doubt, and for that reason, and all the reasons stated above, we uphold the constitutionality of § 46-18-201(6), MCA.

The decision of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6