No. 96-605

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and
Appellant,

vs.

MICHAEL DOUGLAS
REAMS,

Defendant and Respondent.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Marty Lambert, Gallatin County Attorney, Bozeman, Montana; Joseph P.
Mazurek, Attorney General, John Paulson, Assistant Attorney General,
Helena, Montana

For Respondent:

Derik Pomeroy, Morgan, Cameron & Weaver, Bozeman, Montana

Submitted on Briefs: March 20, 1997

Decided:   September 22, 1997
Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from the Eighteenth Judicial District Court, Gallatin County. On August 30, 1996, the District Court entered an order expunging a 1975 DUI conviction from Defendant Reams' record and dismissing a charge of felony DUI, fourth offense. From this order, the State appeals. We affirm.

The sole issue raised on appeal is whether the District Court erred in granting Defendant Reams' motion to expunge his 1975 DUI conviction and dismissing the charge of felony DUI, fourth offense.

FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 1996, Defendant Reams (Reams) was arrested for multiple offenses including driving while under the influence of alcohol (DUI). Reams' driving record contained three previous DUI convictions: July 1975, March 1990 and May 1990. Consequently, on May 30, 1996, an Information was filed charging Reams with felony DUI, fourth offense, in violation of   61-8-401, MCA, (Count 1). Additionally, Reams was charged with driving with a revoked driver's license, a misdemeanor, in violation of   61-5-212, MCA, (Count 2); operating a motor vehicle without mandatory liability insurance, a misdemeanor, in violation of   61-6-301, MCA, (Count 3); and operating an unregistered motor vehicle, a misdemeanor, in violation of   61-3-301, MCA, (Count 4). On June 12, 1996, Reams entered pleas of not guilty to all charges. On July 19, 1996, Reams filed a motion to expunge his 1975 DUI conviction to which the State filed a brief in opposition on July 30, 1996. The District Court held a hearing on the motion on July 31, 1996. Subsequently, on August 30, 1996, the District Court entered an order granting Reams' motion to expunge and dismissing Count 1 of the Information. From this order, the State appeals.

STANDARD OF REVIEW

Reams' motion to expunge his 1975 DUI conviction also, in substance, constituted a motion to dismiss the charge of felony DUI, fourth offense, brought under   61-8-401, MCA (1995). A district court's grant or denial of a motion to dismiss in a criminal case is a question of law which we review de novo. State v. Brander (1996), 930 P.2d 31, 33, 53 St.Rep. 1340, 1341 (citations omitted). Because the parties have raised no factual disputes, we must only determine whether the District Court correctly interpreted the law.

Based upon our decisions in Brander and in State v. Bowles (Mont. No. 96-418, decided September 22, 1997), we hold that the District Court correctly concluded that Reams' 1975 DUI conviction should have been expunged in 1981 pursuant to   61-8-714(5), MCA (1981), and, therefore, the District Court properly dismissed the charge of felony

DUI, fourth offense.

## DISCUSSION

Did the District Court err in granting Reams' motion to expunge his 1975 DUI conviction and dismissing the charge of felony DUI, fourth offense?

Section 61-8-714(5), MCA (1981), provided in part:

An offender is considered to have been previously convicted for the purposes of this section if less than 5 years have elapsed between the commission of the present offense and a previous conviction. If there has been no additional conviction for an offense under this section for a period of 5 years after a prior conviction hereunder, then such prior offense shall be expunged from the defendant's record. [Emphasis added.]

In 1989 the Montana Legislature amended 61-8-714(5), MCA, to provide that if, after five years, a defendant had no additional DUI convictions, the defendant's record would no longer be expunged, but rather the records and data relating to the prior DUI conviction would become confidential criminal justice information. Brander, 930 P.2d at 33-34 (citing 2, Ch. 476, L. 1989).

In 1995, the Montana Legislature amended 61-8-714, MCA, to include a felony sanction for repetitive DUI offenders, which provides in pertinent part:

(4) On the fourth or subsequent conviction, the person is guilty of a felony offense and shall be punished by imprisonment for a term of not less than 1 year or more than 10 years and by a fine of not less than $1,000 or more than $10,000. [Emphasis added.]

In conjunction with this new subsection, the Legislature amended 61-8-714(6), MCA, (formerly subsection (5)), to provide in pertinent part:

(6) An offender is considered to have been previously convicted for the purposes of sentencing if less than 5 years have elapsed between the commission of the present offense and a previous conviction, unless the offense is the offender's fourth or subsequent offense, in which case all previous convictions must be used for sentencing purposes. If there has not been an additional conviction for an offense under this section for a period of 5 years after a prior conviction under this section, then all records and data relating to the prior conviction are confidential criminal justice information, as defined in 44-5-103, and public access to the information may only be obtained by district court order upon good cause shown. [First emphasis indicates newly added language; second emphasis added.]

In its August 30, 1996 Order, the District Court concluded that the issue in the case at bar was not whether 61-8-714(4) and (6), MCA (1995), constitutes ex post facto legislation, but rather whether the defendant's 1975 DUI conviction "has disappeared from the books [pursuant to 61-8-714(5), MCA (1981)], so that it may not be counted toward a fourth offense [under 61-8-714(6), MCA (1995)]." Additionally, the District Court determined that the specific provisions of 61-8-714(5), MCA (1981), concerning expungement of DUI conviction records controlled over the more general provisions of the Criminal Justice Information Act, 44-5-101, et seq., MCA, concerning expungement and retention of criminal records. Furthermore, the court explained that the case at bar was more analogous to cases involving juvenile records that are sealed automatically than to cases involving a defendant who is required to file

a

motion or petition for judicial expungement.  Consequently, the District Court held that Reams' 1975 DUI conviction should have been expunged at the time of the enactment of 61-8-714(5), MCA (1981), and, therefore, held that Reams' 1975 DUI conviction could not now be counted to support the charge of felony DUI, fourth offense, brought under 61-8-401, MCA.  Accordingly, the District Court dismissed Count 1.

The State argues that the District Court erred in granting Reams' motion to expunge his 1975 DUI conviction.   The State asserts that because the expungement provision of  61-8-714(5), MCA (1981), was not in effect at the time of Reams' 1975 DUI conviction and was repealed in 1989, the District Court incorrectly concluded that Reams' 1975 DUI conviction should have been expunged automatically in 1981, when the expungement provision of  61-8-714(5), MCA (1981), became effective.  Relying on Brander, the State specifically contends that because  61-8-714(5), MCA (1981), was not in effect at the time Reams committed the offense of DUI in 1975, Reams did not have any statutory right to the subsequent expungement of the 1975 DUI conviction from his record once this amendment became effective in 1981.  Therefore, the State argues that Reams' 1975 DUI conviction may be counted for the purposes of presently charging Reams with felony DUI, fourth offense.

Furthermore,   the State argues that merely reviewing the plain meaning of the words contained within  61-8-714(5), MCA (1981), does not resolve the issue of whether this statute is applicable to pre-1981 DUI convictions.  Instead, relying on Neel v. First Federal Sav. and Loan Assoc. (1984), 207 Mont. 376, 675 P.2d 96, the State argues that if  61-8-714(5), MCA (1981), is applied to pre-1981 DUI convictions it would have a retroactive effect because this amendment imposed a new duty of expungement upon the State.  Consequently, the State maintains that under Neel, this retroactive application may only be validated by a legislative intent for the statute to apply in such a manner.  However, the State asserts that such legislative intent does not exist here.  Rather, the State contends that this Court's rationale in Brander suggests that  61-8-714(5), MCA (1981), created a vested substantive right with a corresponding duty on the part of the State, and, therefore, should only be applied prospectively.  Consequently, the State argues that because Reams' 1975 DUI conviction occurred before  61-8-714(5), MCA (1981), became effective, Reams is not entitled to have his 1975 DUI conviction expunged from his record, and, therefore, Reams' 1975 DUI conviction may be counted to support the present felony DUI charge against him.

In fact, the State argues that State v. Lorash (1989), 238 Mont. 345, 777 P.2d 884, is factually similar, and, therefore, provides guidance here.  The State acknowledges that in Lorash the expungement provision of  46-18-204, MCA (1987), required a defendant to affirmatively request expungement, whereas the expungement provision of 61-8-714(5), MCA (1981), at issue here, was self-executing.  However, the State argues that our decision in Lorash did not turn upon this distinction, but rather turned

upon the unavailability of the expungement procedure because the statute was repealed before the defendant's prior conviction was considered for sentencing purposes. Consequently, the State asserts that here, like in Lorash, because the expungement provision of 61-8-714(5), MCA (1981), was repealed in 1989, Reams' 1975 DUI conviction is still available to the District Court, as confidential criminal justice information, to support the present charge of felony DUI, fourth offense.

Finally, the State argues that 61-8-714(5), MCA (1981), was not intended to apply to local judicial or law enforcement records. The State asserts that 61-8-714(5), MCA (1981), did not explicitly provide for dismissal of the underlying charge and the legislative history concerning the repeal of this expungement provision only referenced a defendant's driving record rather than judicial or law enforcement records.

Based upon the foregoing, the State argues that the District Court erred in concluding that Reams' 1975 DUI conviction should have been expunged in 1981 when 61-8-714(5), MCA (1981), became effective. Accordingly, the State asserts that the District Court's August 30, 1996 Order expunging Reams' 1975 DUI conviction and dismissing the charge of felony DUI, fourth offense, should be reversed.

Reams responds that the State's attempt to frame this issue in terms of a retroactive application of the law by analyzing whether the statute involves procedural or substantive rights improperly complicates the issue. Rather, Reams asserts that in determining whether the language of 61-8-714(5), MCA (1981), applies to DUI convictions prior to 1981, this Court should simply look to the plain language of the statute which requires satisfaction of only two elements before a prior offense "shall be expunged." First, a DUI conviction must exist. Second, a period of more than five years must have elapsed without a subsequent DUI conviction. Reams contends that when 61-8-714(5), MCA (1981), was enacted he had satisfied both elements of the expungement provision: (1) he had a 1975 DUI conviction and (2) more than five years had elapsed before he received an additional DUI conviction, and, therefore, the mandatory language of 61-8-714 (5), MCA (1981), required the expungement of his 1975 DUI conviction. Consequently, Reams argues that the District Court correctly dismissed the felony DUI charge against him based on the court's determination that his 1975 DUI conviction should have been expunged in 1981 pursuant to 61-8-714(5), MCA (1981).

We agree with Reams' analysis. We made no distinction in Brander as to whether 61-8-714(5), MCA (1981), created a substantive or procedural right. Rather, our decision in Brander and our decision here are better explained by the rationale referred to in State v. Fitzpatrick (1980), 186 Mont. 187, 606 P.2d 1343, and discussed in more detail in State v. Wilson (1996), 279 Mont. 34, 926 P.2d 712. That is, as to statutes, other than those creating a criminal offense, the criminal defendant is entitled to the benefit of the law in effect when the offense is committed, except to the extent that a later repeal or amendment of

the law ameliorates or mitigates a sentence or punishment, and, in that case, the criminal defendant is entitled to the benefit of the later law, absent a clear expression of legislative intent through a savings clause that the former law controls.  See Wilson, 926 P.2d at 714-16.  See also Fitzpatrick, 606 P.2d at 1359.

Furthermore, to give effect to the applicable statute, we must interpret that statute according to the plain and ordinary meaning of the language used therein.  Brander, 930 P.2d at 36 (citing Werre v. David (1996), 275 Mont. 376, 385, 913 P.2d 625, 631).

Section 61-8-714(5), MCA (1981), provided in part:

An offender is considered to have been previously convicted for the purposes of this section if less than 5 years have elapsed between the commission of the present offense and a previous conviction.  If there has been no additional conviction for an offense under this section for a period of 5 years after a prior conviction hereunder, then such prior offense shall be expunged from the defendant's record.  [Emphasis added.]

Based upon the plain language of  61-8-714(5), MCA (1981), we agree with Reams that the expungement provision only required the satisfaction of two elements: (1) a DUI conviction must exist and (2) a period of more than five years must have elapsed without a subsequent DUI conviction.  The expungement provision of  61-8-714(5), MCA, was in effect from October 1, 1981, until October 1, 1989, when it was repealed and replaced with instructions to classify prior DUI convictions as confidential criminal justice information.  We explained the significance of this change in Brander, stating that "[u]nlike expunged records which are completely destroyed, classification of records as confidential criminal justice information does not prevent a court from reviewing those records, but merely restricts the dissemination of those records to criminal justice agencies and others authorized by law."  Brander, 930 P.2d at 36 (citations omitted).  To put it differently, the addition of the expungement provision to 61-8-714(5), MCA, on October 1, 1981, was ameliorative in nature because it provided previous DUI offenders a reprieve from sentence enhancements authorized by  61-8-714, MCA, by mandating the destruction of any record pertaining to an eligible DUI conviction.  On the other hand, the repeal of the expungement provision from  61-8-714(5), MCA, on October 1, 1989, was not ameliorative because it no longer provided previous DUI offenders the benefit of avoiding a sentence enhancement under  61-8-714, MCA.  Therefore, just as in Brander, the issue here concerns whether Reams is entitled to have his 1975 DUI conviction expunged pursuant to the expungement provision of 61-8-714(5), MCA, based upon the plain language of the statute and Reams' fulfillment of the statute's qualifying criteria.

In Brander, we considered whether the defendant was entitled to have his 1986 DUI conviction expunged in 1991 pursuant to  61-8-714(5), MCA (1985), despite the repeal of the expungement provision in 1989.  Looking to the plain language of  61-

8-

714(5), MCA (1985), we concluded that Brander had satisfied both elements of the expungement provision--he had a 1986 DUI conviction and a period of more than five years elapsed before he received an additional DUI conviction. Brander, 930 P.2d at 36-37. Furthermore, in accordance with our rationale in Wilson, we explained that Brander was entitled to have his 1986 DUI conviction expunged in 1991 pursuant to 61-8-714(5), MCA (1985), because the expungement provision was the law in effect at the time his DUI conviction was entered. Brander, 930 P.2d at 36-37. Therefore, we held that the district court erred when it considered Brander's 1986 DUI conviction to sentence Brander under 61-8-714(6), MCA (1995), for felony DUI, fourth offense, because this 1986 DUI conviction effectively did not exist. Brander, 930 P.2d at 36-37.

Based on our rationale discussed in Wilson and employed in Brander, if a defendant received a DUI conviction during the period between October 1, 1984, and October 1, 1989, and did not receive an additional DUI conviction within the next five years, he was entitled to have the prior DUI conviction expunged from his record pursuant to the expungement provision of 61-8-714(5), MCA, the law in effect at the time he was convicted. While the expungement provision would have been repealed before the DUI conviction became eligible for expungement, a defendant would still be entitled to the benefit of the expungement provision because its repeal was not ameliorative in nature. Moreover, it is obvious that if a defendant received a DUI conviction during the period between October 1, 1981, and October 1, 1984, and did not receive an additional DUI conviction within the next five years, he was also entitled to have the prior DUI conviction expunged from his record pursuant to the expungement provision of 61-8-714(5), MCA, as this was the law in effect both at the time of the conviction and at the time the prior DUI conviction became eligible for expungement. However, to now limit the effect of the expungement provision to only those "prior" DUI convictions entered during the time the expungement provision of 61-8-714(5), MCA, was in effect, October 1, 1981 until October 1, 1989, as the State argues, not only goes against the rationale articulated in Fitzpatrick and Wilson and underlying our decision in Brander, but also offends the basic principle of statutory construction that we interpret a statute according to the plain and ordinary meaning of the language used.

The expungement provision of 61-8-714(5), MCA (1981), provided previous DUI offenders a reprieve from the sentence enhancements authorized by 61-8-714, MCA (1981), and, therefore, was ameliorative in nature. Additionally, 61-8-714(5), MCA (1981), contained no savings clause restricting the operation of its expungement requirements to DUI convictions entered on or after its effective date. Furthermore, the plain language of the expungement provision mandated the expungement of a prior DUI conviction from a defendant's record if the defendant had not received an additional DUI conviction within five years after entry of the prior DUI conviction.

Therefore, again based on our rationale discussed in Wilson, we hold that if a defendant's record contained a DUI conviction entered before October 1, 1981, and the defendant did not receive another DUI conviction within the next five years, he also was entitled to have the prior DUI conviction expunged from his record pursuant to 61-8-714(5), MCA (1981). See Wilson, 926 P.2d at 714-16. See also Fitzpatrick, 606 P.2d at 1359. Here, Reams' record indicates that after he received a DUI conviction in July 1975, he did not receive another DUI conviction until March 1990. Looking to the plain language of 61-8-714(5), MCA (1981), we conclude that both elements of the expungement provision were satisfied because Reams was convicted of DUI in 1975 and because a period of more than five years elapsed before he received a subsequent DUI conviction. Although Reams' 1975 DUI conviction was entered before the expungement provision of 61-8-714(5), MCA (1981), became effective on October 1, 1981, he was still entitled to the benefits of this provision. See Wilson, 926 P.2d at 714-16. See also Fitzpatrick, 606 P.2d at 1359.

As to the State's arguments that Reams' 1975 DUI conviction should not have been expunged pursuant to 61-8-714(5), MCA (1981), based on our decision in Lorash and because the expungement provision of 61-8-714(5), MCA, did not apply to local judicial or law enforcement records, we have rejected these same arguments in State v. Bowles (Mont. No. 96-418, decided September 22, 1997).

Based on the foregoing, we hold that the District Court properly concluded that Reams' 1975 DUI conviction should have been expunged from his record in 1981 pursuant to 61-8-714(5), MCA (1981), and, therefore, this conviction could not be counted to support the present charge of felony DUI, fourth offense. Accordingly, we affirm the District Court's August 30, 1996 Order expunging the 1975 DUI conviction from Reams' record and dismissing the charge of felony DUI, fourth offense.

Affirmed.

/S/   JAMES C. NELSON

We Concur:

/S/   J. A.  TURNAGE
/S/   W. WILLIAM LEAPHART
/S/   WILLIAM E. HUNT, SR.
/S/   JIM REGNIER
/S/   TERRY N. TRIEWEILER
/S/   KARLA M. GRAY