No. 96-644

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and
Respondent,

vs.

EUGENE A.
BECKMAN,

Defendant and Appellant.


APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

John S. Forsythe, Forsyth, Montana

For Respondent:

Lee Kerr, Rosebud County Attorney, Forsyth, Montana; Joseph P.
Mazurek, Attorney General, John Paulson, Assistant Attorney General,
Helena, Montana


Submitted on Briefs: March 20, 1997

Decided:    September 22, 1997
Filed:

_____
Clerk


Justice James C. Nelson delivered the Opinion of the Court.


This is an appeal from the Sixteenth Judicial District Court, Rosebud County. On June 5, 1996, the District Court entered a memorandum and order denying Defendant Beckman's motion to dismiss a charge of felony DUI, fourth offense. From this memorandum and order, Defendant Beckman appeals. We reverse and remand.

We restate the following issues raised on appeal:

1.   Did the District Court err in denying Defendant Beckman's motion to dismiss the charge of felony DUI, fourth offense?

2.   Should this Court review Defendant Beckman's claim, made for the first time on appeal, that the State may not use his prior DUI convictions to enhance the punishment for his present DUI conviction because his prior DUI convictions were obtained without the benefit of assistance of counsel as guaranteed by Article II, Section 24 of the Montana Constitution?

FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 1996, Defendant Beckman (Beckman) was arrested for driving while under the influence of alcohol (DUI). Beckman had previously been convicted of DUI in 1983, 1987 and 1988. Consequently, on April 8, 1996, an Information was filed charging Beckman with felony DUI, fourth offense, as specified by 61-8-401(1)(a), MCA (1995), and 61-8-714(4), MCA (1995). On April 10, 1996, Beckman filed a motion to dismiss the charge of felony DUI, fourth offense ,raising ex post facto and double jeopardy claims. The State filed a reply in opposition on April 16, 1996. On April 22, 1996, Beckman entered a plea of not guilty. On May 13, 1996, the District Court conducted a hearing. While no transcript of this hearing was filed on appeal, a minute entry indicates that Beckman's motion to dismiss was argued and the possibility of Beckman entering a plea of guilty, reserving his right to appeal an adverse ruling on the motion, was discussed. On June 5, 1996, the District Court entered a memorandum and order denying Beckman's motion to dismiss.

On June 24, 1996, pursuant to a plea agreement, Beckman changed his plea to guilty. On August 26, 1996, the District Court entered an order sentencing Beckman to one year in the county jail, with the last six months suspended and the first six months to be served under home arrest with a work release program, subject to certain conditions and supervised by the Department of Corrections. However, the District Court stayed execution of this sentence pending appeal. Beckman appeals from the District Court's memorandum and order denying his motion to dismiss. We reverse and remand for further proceedings consistent with this Opinion.

## STANDARD OF REVIEW

A district court's grant or denial of a motion to dismiss in a criminal case is a question of law which we review de novo. State v. Brander (1996), 930 P.2d 31, 33, 53 St.Rep. 1340, 1341 (citation omitted). Because the parties have raised no factual disputes, we must only determine whether the District Court correctly interpreted the law.

As to Issue 1, based on our decision in Brander, we hold that the District Court correctly concluded that Beckman was not subject to an ex post facto application of 61-8-714 (4) and (6), MCA (1995). However, again based on our decision in Brander, we hold that the District Court incorrectly concluded that Beckman's 1988 DUI conviction could be counted to support the present charge of felony DUI, fourth offense, and, therefore, the District Court erred in denying Beckman's motion to dismiss. As to Issue 2, because Beckman raises this issue for the first time on appeal, we will not address it.

## DISCUSSION

1.  Did the District Court err in denying Beckman's motion to dismiss the charge of felony DUI, fourth offense?

Section 61-8-714(5), MCA (1981), provided in part:

An offender is considered to have been previously convicted for the purposes of this section if less than 5 years have elapsed between the commission of the present offense and a previous conviction. If there has been no additional conviction for an offense under this section for a period of 5 years after a prior conviction hereunder, then such prior offense shall be expunged from the defendant's record. [Emphasis added.]

In 1989 the Montana Legislature amended 61-8-714(5), MCA, to provide that if, after five years, a defendant had no additional DUI convictions, the defendant's record would no longer be expunged, but rather the records and data relating to the prior DUI conviction would become confidential criminal justice information. Brander, 930 P.2d at 33-34 (citing 2, Ch. 476, L. 1989).

In 1995, the Montana Legislature amended 61-8-714, MCA, to include a felony sanction for repetitive DUI offenders, which provides in pertinent part:

(4)  On the fourth or subsequent conviction, the person is guilty of a felony offense and shall be punished by imprisonment for a term of not less than 1 year or more than 10 years and by a fine of not less than $1,000 or more than $10,000. [Emphasis added.]

In conjunction with this new subsection, the Legislature amended 61-8-714(6), MCA, (formerly subsection (5)), to provide in pertinent part:

(6)  An offender is considered to have been previously convicted for the purposes of sentencing if less than 5 years have elapsed between the commission of the present offense and a previous conviction, unless the offense is the offender's fourth or subsequent offense, in which case all previous convictions must be used for sentencing purposes. If there has not been an additional conviction for an offense under this section for a period of 5 years after a prior conviction under this section, then all records

and data relating to the prior conviction are confidential criminal justice information, as defined in 44-5-103, and public access to the information may only be obtained by district court order upon good cause shown. [First emphasis indicates newly added language; second emphasis added.]

In its June 5, 1996 memorandum and order, the District Court rejected Beckman's double jeopardy claim, concluding it was without merit because Beckman had not supported it with any argument in his brief or during oral argument. The District Court next determined that 61-8-714, MCA, never required expungement of prior DUI convictions, but rather only provided for retention of DUI conviction records as confidential criminal justice information, and, therefore, prior DUI convictions could be used by courts and law enforcement agencies. Relying on State v. Maldonado (1978), 176 Mont. 322, 578 P.2d 296, the District Court concluded that Beckman was not subject to an ex post facto application of 61-8-714(4) and (6), MCA (1995), because Beckman was not being punished again for his prior DUI offenses, but rather he was being punished for an offense committed almost six months after the effective date of 61-8-714(4) and (6), MCA (1995), and, therefore, was facing "stiffened punishment for an aggravated offense because of his repetition." Accordingly, the District Court denied Beckman's motion to dismiss.

Beckman argues that the application of 61-8-714(4) and (6), MCA (1995), violates his right to be free from the application of ex post facto legislation, as guaranteed by Article I, Section 10 of the United States Constitution and Article II, Section 31 of the Montana Constitution. Specifically, Beckman contends that the application of 61-8-714(4) and (6), MCA (1995), violates the two-part test used to determine whether a law is ex post facto, which we adopted in State v. Leistiko (1992), 256 Mont. 32, 844 P.2d 97. First, Beckman asserts that 61-8-714(4) and (6), MCA (1995), are retrospective because these statutory sections alter the legal consequences of his DUI offenses committed before the statute's effective date. Second, Beckman asserts that 61-8-714(4) and (6), MCA (1995), are more onerous than prior law because Beckman could not have foreseen that his DUI convictions in the 1980's would be used against him a decade later. Beckman distinguishes the present case from Gryger v. Burke (1948), 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed.2d 1683, and Maldonado, 578 P.2d 296, explaining that, here, to support the present charge of felony DUI, fourth offense, 61-8-714(4) and (6), MCA (1995), effectively placed back upon his record previously removed DUI convictions.

In his opening brief, Beckman argues that the "record use" of his prior DUI convictions was eliminated by operation of law because under 61-8-714(5), MCA (1993), his DUI convictions became confidential criminal justice information. Therefore,

Beckman asserts that his prior DUI convictions are unavailable for the District Court's present consideration. However, in his reply brief, in light of our decision in Brander, Beckman changes the basis of his argument concerning the unavailability of his prior DUI convictions to now explain that these convictions are unavailable for the District Court's present consideration because they should have been expunged from his record pursuant to the expungement provision of 61-8-714(5), MCA, the law in effect at the time of his prior DUI convictions.

Specifically, Beckman contends that the expungement provision of 61-8-714(5), MCA, only required that a defendant receive no additional DUI conviction for "a period of five years after a prior conviction," without limitation as to the commencement of the five-year period. Because any five-year period would qualify a prior DUI conviction for expungement if the DUI was committed while the expungement statute was in effect, Beckman asserts that not only must his 1988 DUI conviction be expunged, as the State concedes, but also that his first two DUI convictions must be expunged as well. That is, Beckman asserts that his 1988 DUI conviction clearly must be expunged because more than five years elapsed before he committed the current DUI offense. Similarly, Beckman contends that because his 1988 conviction now no longer exists, his first two DUI convictions should also be expunged because as each DUI conviction is expunged, no subsequent DUI conviction exists on his record from the time of the prior DUI conviction to the present offense. Accordingly, Beckman argues that this case should be remanded to the District Court with instructions to dismiss the charge of felony DUI, fourth offense, and to remand this case to Justice Court with a charge of first offense DUI.

The State responds that because our decision in Brander is dispositive, we should remand this case to the District Court for reconsideration of its decision in light of Brander. The State asserts that, in Brander, we rejected similar ex post facto arguments, holding that 61-8-714, MCA (1995), did not violate the ex post facto clauses of the federal or Montana constitutions. Therefore, the State argues that the District Court properly rejected Beckman's ex post facto claim. However, the State points out that, in Brander, we nonetheless held that the defendant was not properly sentenced under 61-8-714, MCA (1995), because the defendant's 1986 DUI conviction should have been expunged in 1991 pursuant to 61-8-714(5), MCA (1985), and, therefore, the district court should not have considered this conviction when it sentenced the defendant for his 1995 DUI conviction. Consequently, the State concedes that based on our rationale in

Brander, Beckman's 1988 DUI conviction should be expunged from Beckman's record. However, having made this concession concerning Beckman's 1988 DUI conviction, the State, relying on Infanger v. State (Mont. No. 96-564, January 9, 1997 Order), asserts that Beckman's first two DUI convictions should not be expunged from his record. In making this assertion, the State points out that while the District Court determined that Beckman had previously been convicted of DUI in 1983, 1987 and 1988, Beckman's certified driving record, filed after the District Court issued its June 5, 1996 memorandum and order, indicated that Beckman's prior DUI convictions occurred in July 1987, October 1987 and October 1988. The State maintains that this discrepancy concerning the correct date of Beckman's first DUI conviction makes no difference under our analysis in Brander because less than five years elapsed after each DUI conviction before Beckman received another, and, therefore, his first two DUI convictions were not eligible for expungement.

Finally, the State asserts that in Brander we did not consider the effect of our decision in State v. Lorash (1989), 238 Mont. 345, 777 P.2d 884, and did not expressly consider whether the expungement provision of 61-8-714(5), MCA (1981), created a substantive right or a procedural remedy. The State suggests that this case, along with similar cases currently on appeal, provides this Court with the opportunity to reconsider our decision in Brander and the nature and scope of the repealed expungement provision of 61-8-714(5), MCA. The State argues, in the case at bar, that expungement is a procedural remedy, derived wholly from the statute authorizing it and may be extinguished by repeal of the statute. However, we note that the State retracted this argument in State v. Bowles (Mont. No. 96-418, decided September 22, 1997) and argued instead that in Brander we implicitly concluded that the expungement provision of 61-8-714(5), MCA (1981), created a vested substantive right that may only be applied prospectively to "prior" DUI convictions which occurred after October 1, 1981, the effective date of 61-8-714(5), MCA (1981).

As to Beckman's ex post facto arguments, the State is correct that we rejected these same arguments in Brander. See Brander, 930 P.2d at 33-35. Nonetheless, as the State concedes, under our analysis in Brander, because more than five years elapsed after Beckman's 1988 DUI conviction before he received a subsequent DUI conviction, his 1988 DUI conviction should have been expunged in 1993, pursuant to 61-8-714(5), MCA (1987). See Brander, 930 P.2d at 35-37. However, as the State argues, Beckman's first two DUI convictions (whether the first conviction was entered in 1983 or in July 1987) were never eligible for expungement pursuant to 61-8-714(5), MCA, because at no time did more than five years elapse before Beckman received an additional DUI conviction. See Brander, 930 P.2d at 35-37.

Consequently, we hold that the District Court correctly concluded that Beckman was not subject to an ex post facto application of 61-8-714(4) and (6), MCA (1995).

However, again based on our decision in Brander, we hold that the District Court incorrectly concluded that Beckman's 1988 DUI conviction could be counted to support the present charge of felony DUI, fourth offense, and, therefore, the District Court erred in denying Beckman's motion to dismiss. Accordingly, we remand this issue for entry of an order dismissing the charge of felony DUI, fourth offense.

Finally, as to the State's suggestion that we reconsider our decisions in Lorash and in Brander, we have already done so. In State v. Bowles (Mont. No. 96-418, decided September 22, 1997), we distinguished Lorash based on the differences in the expungement provision requirements of 46-18-204, MCA, the statute at issue in Lorash, and of 61-8-714(5), MCA (1981). Also, in State v. Reams (Mont. No. 96-605, decided September 22, 1997), we addressed the nature and scope of the repealed expungement provision of 61-8-714(5), MCA (1981), explaining that we made no distinction in Brander as to whether this provision created a substantive or procedural right, but rather considered our decision in Brander better explained by the rationale referred to in State v. Fitzpatrick (1980), 186 Mont. 187, 606 P.2d 1343, and discussed in more detail in State v. Wilson (1996), 279 Mont. 34, 926 P.2d 712. Employing this same rationale in Reams, we concluded that any DUI conviction entered before October 1, 1989, the date the expungement provision was repealed, was automatically eligible for expungement if the elements of the expungement provision of 61-8-714(5), MCA, were satisfied.

2. Should this Court review Beckman's claim, made for the first time on appeal, that the State may not use his prior DUI convictions to enhance the punishment for his present DUI conviction because his prior DUI convictions were obtained without the benefit of assistance of counsel as guaranteed by Article II, Section 24 of the Montana Constitution?

Beckman challenges the validity of his three prior misdemeanor DUI convictions used to enhance the punishment for his present felony DUI conviction, asserting that these convictions were obtained without assistance of counsel. Beckman argues that the State failed to demonstrate that he was represented by counsel or that he voluntarily waived his right to counsel during the prior justice court proceedings which resulted in these three prior misdemeanor DUI convictions. Therefore, Beckman contends that the State may not use these prior DUI convictions to enhance the punishment for his current conviction.

Beckman argues that, although he has raised this issue for the first time on appeal, we should establish, and apply retroactively to his case, a rule that uncounseled misdemeanors may not be used under an enhanced penalty statute to raise a misdemeanor to a felony. The State responds that we should not review this issue because Beckman raises it for the first time on appeal. We agree.

As the State points out, Beckman did not present this argument to the District Court in his motion to dismiss and nothing else indicates that Beckman made this

argument to the District Court--the State's brief opposing Beckman's motion to dismiss does not address this issue and neither does the District Court's June 5, 1996 memorandum and order denying Beckman's motion to dismiss.  Additionally, the record does not reflect that a hearing was held on this issue nor does the record reflect the filing of any documentary evidence concerning this issue.  Beckman's failure to address this issue as a basis for his motion to dismiss made to the District Court bars him from raising this issue on appeal.  See State v. Williams (1995), 273 Mont. 459, 463, 904 P.2d 1019, 1021.  Accordingly, we decline to address this argument because it is raised for the first time on appeal.

Reversed and remanded for further proceedings consistent with this Opinion.

/S/   JAMES C. NELSON


We Concur:

/S/  J. A.  TURNAGE
/S/  W. WILLIAM LEAPHART
/S/  WILLIAM E. HUNT, SR.
/S/  JIM REGNIER
/S/  TERRY N. TRIEWEILER
/S/  KARLA M. GRAY