No. 97-195

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 207

STATE OF MONTANA,

Plaintiff and Appellant,

v.

ROGER M. THIBERT,

Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Joseph P. Mazurek, Attorney General

John Paulson, Ass't Attorney General, Helena, Montana

Robert L. "Dusty" Deschamps III, Missoula County Attorney

Betty Wing, Deputy Missoula County Attorney, Missoula, Montana

For Respondent:

Paul T. Ryan, Attorney at Law, Missoula, Montana

Submitted on Briefs: June 18, 1998

Decided: August 25, 1998

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1 The State of Montana (State) appeals from the order of the Fourth Judicial District Court, Missoula County, reducing the charge against Roger M. Thibert (Thibert) from driving under the influence of alcohol (DUI), sixth offense, a felony, to DUI, first offense, a misdemeanor. We reverse and remand for further proceedings.**

**¶2 The issue on appeal is whether the District Court erred in concluding that all of Thibert's prior DUI convictions had been expunged from his record pursuant to the pre-1989 version of § 61-8-714, MCA, and, on that basis, in reducing the charge against him to misdemeanor first offense DUI.**

BACKGROUND

**¶3 Thibert was arrested on May 29, 1996, and subsequently charged by information**

in the District Court with sixth offense DUI, a felony, in violation of § 61-8-401, MCA (1995), and leaving the scene of an accident, a misdemeanor, in violation of § 61-7-107, MCA (1995). Thibert's driving record contained five prior DUI convictions: February 8, 1985; July 17, 1985; July 7, 1987; May 11, 1988; and July 22, 1988. Thibert entered not guilty pleas to both charges and then filed two motions to dismiss the DUI charge, one asserting a double jeopardy argument and the other asserting violations of the *ex post facto* law provisions of the Montana and United States Constitutions. The District Court denied both motions.

¶4 Thibert later filed a third motion to dismiss, arguing that all five of his prior DUI convictions had been expunged by operation of the pre-1989 version of § 61-8-714, MCA, and, as a result, he could not be charged with felony DUI for a fourth or subsequent offense. The District Court granted the motion to dismiss. It concluded that, because Thibert had maintained a clean driving record for five years following his fifth DUI conviction, all five of the previous DUI convictions had been expunged and, therefore, the current DUI charge must be considered a first offense. Consequently, the District Court reduced the felony DUI charge to misdemeanor first offense DUI. The State appealed.

## STANDARD OF REVIEW

¶5 A district court's grant or denial of a motion to dismiss is a question of law which we review *de novo*. State v. Reams (1997), 284 Mont. 448, 450, 945 P.2d 52, 54 (citation omitted). The parties do not dispute the pertinent facts in this case and, as a result, we review only whether the District Court correctly interpreted the law. Reams, 284 Mont. at 450, 945 P.2d at 54.

## DISCUSSION

¶6 Did the District Court err in concluding that all of Thibert's prior DUI convictions had been expunged from his record pursuant to the pre-1989 version of § 61-8-714, MCA, and, on that basis, in reducing the charge against him to misdemeanor first offense DUI?

¶7 In 1995, the Montana Legislature amended § 61-8-714, MCA, by adding a new subsection which provides for a felony sanction for offenders on a fourth or subsequent DUI conviction. Section 61-8-714(4), MCA (1995). In conjunction with

this new subsection of the statute, the Legislature amended § 61-8-714(6), MCA (formerly subsection (5)), to provide, in pertinent part, as follows:

> An offender is considered to have been previously convicted for the purposes of sentencing if less than 5 years have elapsed between the commission of the present offense and a previous conviction, unless the offense is the offender's fourth or subsequent offense, in which case all previous convictions must be used for sentencing purposes. If there has not been an additional conviction for an offense under this section for a period of 5 years after a prior conviction under this section, then all records and data relating to the prior conviction are confidential criminal justice information, as defined in 44-5-103, and public access to the information may only be obtained by district court order upon good cause shown.

Between 1981 and 1989, however, § 61-8-714(5), MCA, provided that, if a person convicted under this section had no additional convictions for a period of five years following a prior conviction, that prior conviction would be expunged from the person's driving record, rather than merely becoming confidential criminal justice information. The result of having a DUI conviction expunged under the pre-1989 version of § 61-8-714(5), MCA, is that the conviction no longer exists and cannot be considered when determining the number of prior convictions a person has under § 61-8-714(6), MCA (1995). State v. Brander (1996), 280 Mont. 148, 155, 930 P.2d 31, 36. In contrast, when a DUI conviction becomes confidential criminal justice information, that conviction may still be considered by a court in calculating penalties for a subsequent DUI conviction. Brander, 280 Mont. at 156, 930 P.2d at 36.

**¶8 As stated above, when Thibert was charged with this DUI offense in 1996, he had five prior DUI convictions on his record; two in 1985, one in 1987 and two in 1988. Thibert argued in his third motion to dismiss that, because more than five years elapsed between his last DUI conviction in 1988 and the current DUI charge, all five prior convictions were expunged under § 61-8-714(5), MCA (1987), with the result that the current DUI charge was his first offense under § 61-8-714(6), MCA (1995). The District Court agreed, stating that this Court had "clearly ruled in Brander that all convictions prior to 1989 are expunged under the pre-1989 version of MCA § 61-8-714 if the driver maintains a clean record for five years." The State contends that the District Court erred in concluding all five of Thibert's prior DUI convictions had been expunged.**

¶9 The State concedes that the District Court correctly determined that the July of 1988 DUI conviction was expunged because more than five years elapsed between that conviction and Thibert's arrest in May of 1996 without any intervening DUI convictions. It argues, however, that under State v. Beckman (1997), 284 Mont. 459, 944 P.2d 756, Thibert's four DUI convictions prior to July of 1988 were not expunged because none of those convictions was followed by five years without an additional conviction. We agree.

¶10 We have held that a DUI conviction is not eligible for expungement under the provision contained in § 61-8-714(5), MCA, between 1981 and 1989 unless the conviction is followed directly by a five-year period in which no additional DUI conviction is received. Beckman, 284 Mont. at 466, 944 P.2d at 760 (citing Brander, 280 Mont. at 155-57, 930 P.2d at 35-37); see also State v. Cooney (1997), 284 Mont. 500, 507, 945 P.2d 891, 895. As a result, four of Thibert's DUI convictions--those occurring in 1985, 1987 and May of 1988--are not eligible for expungement because Thibert was convicted of an additional DUI within five years of each. His conviction in July of 1988 is expunged, however, because there have been no additional DUI convictions on Thibert's record since that time, a period of more than five years.

¶11 Notwithstanding our holdings in Beckman and Cooney, Thibert argues that, under the language of the pre-1989 statutes, it is not necessary for five years to elapse between each prior conviction for all of his convictions to be expunged. He asserts that the expungement language in the pre-1989 versions of § 61-8-714(5), MCA, is ambiguous because it does not take into account situations where, as here, an offender has more than one prior DUI conviction. He then argues that this ambiguity has been addressed and resolved in his favor in an opinion of the Attorney General of the State of Montana (AG). See 38 Op. Att'y Gen. 222 (1980). His reliance on the AG's opinion is misplaced.

¶12 The AG's opinion on which Thibert relies was issued in 1980. The expungement provision at issue in the present case was not added to the Montana Code Annotated until 1981. Thus, the AG's opinion interpreting the language of § 61-8-714, MCA, as it existed in 1980, did not interpret the expungement provision with which we are concerned in this case. Furthermore, to the extent the referenced AG's opinion could be read as supporting Thibert's argument, it clearly has been overruled by our decisions in Beckman and Cooney. See § 2-15-501(7), MCA (AG's opinions are controlling unless overruled by a district court or this Court). Similarly, the

ambiguity which Thibert contends exists in the expungement provision, if it existed at all, has been resolved by our holdings in those cases.

¶13 Although <u>Beckman</u> and <u>Cooney</u> were decided subsequent to the District Court's order on Thibert's motion to dismiss, we give retroactive effect to judicial decisions and, as a result, they are applicable to the present case. <u>See</u> <u>State v. Steinmetz</u>, 1998 MT 114, ¶10, ___ P.2d ___, ¶10, 55 St.Rep. 450, ¶10. We conclude, therefore, that Thibert's DUI convictions in February of 1985, July of 1985, July of 1987 and May of 1988 are not eligible for expungement under § 61-8-714(5), MCA, as that section existed between 1981 and 1989. His DUI conviction in July of 1988, however, is expunged because more than five years elapsed thereafter without an additional conviction. As a result, we further conclude that, at the time Thibert was charged with the DUI offense in 1996, his record contained four prior DUI convictions which, pursuant to §§ 61-8-714(4) and 61-8-714(6), MCA (1995), results in a felony charge for fifth offense DUI. We hold that the District Court erred in concluding that all of Thibert's prior DUI convictions had been expunged from his record pursuant to the pre-1989 version of § 61-8-714, MCA, and, on that basis, in reducing the charge to misdemeanor first offense DUI.

¶14 Reversed and remanded for further proceedings.

/S/ KARLA M. GRAY

 We concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ JIM REGNIER