No. 03-449

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 165

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

DUSTIN CHESLEY,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
                  In and for the County of Gallatin, Cause No. DC-98-83,
                  The Honorable Mark L. Guenther, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Brock Albin, Albin Law Office, P.C., Bozeman, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; John Paulson,
          Assistant Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney, Bozeman, Montana

                        Submitted on Briefs: January 13, 2004

                                  Decided: June 22, 2004

Filed:

                        _____
                                    Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 On July 30, 1998, Dustin Chesley pled guilty to the offense of theft, a felony pursuant to § 45-6-301, MCA. The State fully discharged Chesley's sentence as of January 18, 2003. On April 23, 2003, Chesley petitioned the Eighteenth Judicial District Court to seal and expunge his record. The State did not enter an appearance or object to such motion. On May 19, 2003, the District Court denied Chesley's motion on the grounds that it did not possess the authority to expunge his record. It is from this Order that Chesley appeals.

BACKGROUND

¶2 After Chesley pled guilty to theft, a felony pursuant to § 45-6-301, MCA, on September 1, 1998, the District Court deferred imposition of sentence for a three year period subject to delineated conditions. On January 31, 2000, the District Court revoked Chesley's deferred sentence based on the State's October 7, 1999, petition to revoke the deferred imposition of sentence because Chesley had violated numerous conditions of his deferred imposition of sentence. It then sentenced him to the Department of Corrections (DOC) for five years suspending two years of such sentence and recommending him for Boot Camp placement. The court issued this sentence subject to numerous conditions.

¶3 Upon request from Chesley, on March 23, 2001, the District Court reduced his sentence to DOC by suspending it upon his successful completion of Boot Camp and the Great Falls Aftercare Program. Chesley also filed a motion with the court for a final discharge, however, on August 27, 2001, the court denied his request and clarified that his sentence expired on January 18, 2003, and he remained on probation until then.

¶4 In his brief, Chesley stated that he has found it difficult to obtain jobs on a few

2

occasions citing examples of where Firestone and Smoker Friendly were unable to offer him a job due to his criminal record. Furthermore, he has determined that he wants to proceed down a certain career path that requires a clean record, whereby a felony would preclude his ability to pursue this career. Therefore, on April 23, 2003, Chesley filed a motion with the District Court requesting it to seal and expunge his criminal record. On May 19, 2003, the District Court denied this motion because it lacked authority to grant such request. Chesley appeals from this Order and raises the following issues:

¶5      1. Whether Montana courts have inherent power and jurisdiction to expunge criminal records.

¶6      2. Whether the District Court erred when it declined to expunge Chesley's criminal record.

### STANDARD OF REVIEW

¶7      Our review of statutory interpretation is plenary, therefore we review a district court's legal conclusion of a question of law to determine whether it is correct. *State v. McNally,* 2002 MT 160, ¶ 5, 310 Mont. 396, ¶ 5, 50 P.3d 1080, ¶ 5.

### DISCUSSION

### ISSUE ONE

¶8      Whether Montana courts have inherent power and jurisdiction to expunge criminal records.

¶9      In its Order denying Chesley's request for expungement of his felony record, the District Court reviewed the legislative history of § 46-18-204, MCA. The 1987 version of the statute provided a mechanism for automatic expungement of a record, however, the

3

legislature amended the statute and in 1989, it deleted this expungement mechanism. It follows, the court concluded, that the legislative intent behind this deletion was to prohibit expungement. The District Court found that "[i]f the legislature had intended for the Court to have the power to expunge a record, the legislature would have specifically provided that power." As such, the District Court concluded that while vested with the power to seal records under § 46-18-204, MCA, the court did not have the power to expunge criminal records and it denied Chesley's motion.

¶10 Chesley argues that Montana courts have the inherent power to expunge a record absent statutory authority. He refers to other jurisdictions' conclusions that the judiciary has inherent power to expunge records. *See U.S. v. Steelwright* (D. Md. 2002), 179 F.Supp.2d 567, 573 (concluding absent statutory authority, courts may grant expungement when extreme or exceptional circumstances exist); *Davidson v. Dill* (Colo. 1972), 503 P.2d 157, 162 (concluding that courts have inherent authority to expunge where the harm to an individual's right of privacy or the dangers of unwarranted adverse consequences outweigh the public interest in retaining the records in police files).

¶11 Furthermore, Chesley contends that § 46-18-204, MCA, offers sealing records as a minimum protection. From the fact that this statute does not explicitly prohibit expungement, he asserts that the legislature did not specifically preclude expungement. Relying upon *Eagle Watch Investments, Inc. v. Smith* (1996), 278 Mont. 187, 192, 924 P.2d 257, 260, Chesley asserts that Montana courts have jurisdiction in equity to expunge records absent statutory or legal remedies. Because the statute is silent as to expungement of criminal records and sealing his record is not sufficient, Chesley makes the argument that the

4

District Court has jurisdiction in equity to expunge his record.

¶12    Conversely, the State maintains that the District Court correctly interpreted and applied the law to Chesley's motion. As a preliminary matter, the State points out that § 46-18-204, MCA, cannot apply to Chesley's case because the statute limits sealing records for defendants who have a deferred sentence and have successfully completed the period of deferral without revocation. Chesley has not done so, and consequently his record could not be classified as confidential criminal justice information, much less expunged.

¶13    Moreover, the State contends that this Court has always regarded expunction of criminal records as a matter of legislative prerogative and may only be granted or withdrawn by the legislature. *See State v. Brander* (1996), 280 Mont. 148, 930 P.2d 31; *State v. Lorash* (1989), 238 Mont. 345, 777 P.2d 884. The State rebuts Chesley's claim that other jurisdictions determined that they have inherent power to expunge an arrest record by illustrating that each case cited provides little support for the assertion of a non-statutory, unfettered and inherent power for Montana courts to order expungement of criminal records. Finally, it disputes Chesley's claim of jurisdiction in equity by asserting that Chesley has failed to establish any right for which he is entitled to a remedy. Specifically, the State points out that Chesley's conviction remains valid and is properly included in his criminal records, and he fails to establish that his constitutional right to privacy is implicated by such retention. We agree.

¶14    It is well settled that Montana courts have jurisdiction to expunge criminal records pursuant to statute. *See State v. Weldele*, 2003 MT 117, ¶ 24, 315 Mont. 452, ¶ 24, 69 P.3d 1162, ¶ 24 (automatic expungement of DUI conviction pursuant to § 61-8-714(5), MCA

(1989), did not apply to Weldele's DUI convictions because he received two DUIs within a five year period); *Smith v. County of Missoula*, 1999 MT 330, ¶¶ 20-21, 297 Mont. 368, ¶¶ 20-21, 992 P.2d 834 ,¶¶ 20-21 (order pursuant to § 46-18-204, MCA (1999), did not expunge criminal record but sealed it allowing dissemination of confidential criminal justice information to criminal justice agencies); *State v. Thibert*, 1998 MT 207, ¶¶ 8-10, 290 Mont. 408, ¶¶ 8-10, 965 P.2d 251, ¶¶ 8-10 (pursuant to § 61-8-714(5), MCA (1987), Thibert's 1988 DUI offense was the only DUI out of five that qualified for automatic expungement, because it was the only offense followed by five years without another conviction); *State v. Bowles* (1997), 284 Mont. 490, 497, 947 P.2d 52, 56 (holding that language in the expungement provision of § 61-8-714(5), MCA (1981), provided for automatic expungement of eligible DUI convictions as a matter of law); *State v. Sidmore* (1997), 286 Mont. 218, 228, 951 P.2d 558, 565 (Section 61-8-714(5), MCA (1987), applied to Sidmore's Idaho DUI conviction, therefore it was expunged by operation of law); *Brander*, 280 Mont. at 151-52, 930 P.2d at 33-34 (holding that § 61-8-714(5), MCA (1985), automatically expunges DUI convictions that are not followed by subsequent DUI convictions within five years); *Lorash*, 238 Mont. at 347, 777 P.2d at 886 (upon affirmative action by defendant, criminal records may be expunged pursuant to § 46-18-204, MCA (1987)).

¶15    This Court has never contemplated the concept of judicial inherent authority to expunge criminal records, nor have we considered jurisdiction in equity to expunge such records.  We have carefully reviewed the record and have considered, but are unpersuaded by, the various arguments raised by Chesley in his briefs.  Absent explicit authorization from the legislature, we conclude that the judiciary has no power to expunge criminal records.

Expungement of such records is a matter of legislative discretion. Therefore, we conclude that the District Court correctly disposed of Chesley's motion. Thus, we affirm.

ISSUE TWO

¶16    Whether the District Court erred when it declined to expunge Chesley's criminal record.

¶17    Chesley asserts numerous arguments to support his claim that it is appropriate for this Court to expunge his criminal record. Because our conclusion in Issue One precludes expungement of criminal records absent explicit authorization from the legislature, and there is none in instant case, we need not reach the merits of this issue.

¶18    We affirm the Order of the District Court.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JAMES C. NELSON