DA 08-0190

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 132N

DAVID VASQUEZ,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM: District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC-93-219
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

David Vasquez, (self-represented litigant); Sheridan, Oregon

For Appellee:

Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss
Assistant Attorney General, Helena, Montana

Brant S. Light, Cascade County Attorney; Great Falls, Montana

Submitted on Briefs: January 13, 2009

Decided: April 14, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     David Vasquez (Vasquez) appeals an order of the Eighth Judicial District Court, Cascade County, denying his motion to expunge his prior conviction for aggravated burglary. We affirm.

¶3     Vasquez essentially argues that he received ineffective assistance of counsel causing him to plead guilty under a plea agreement on December 13, 1993. Vasquez claims his appointed counsel failed to inquire into his mental health or seek medical treatment for his paranoid schizophrenia, and failed to investigate aspects of the burglary that Vasquez believed would prove his innocence. The District Court denied Vasquez's motion to expunge his conviction on the grounds that Vasquez failed to provide any legal authority to support his motion and only cited § 41-5-604, MCA, which was repealed in 1997 and only applied to youth court records. The issue on appeal is whether the District Court correctly denied Vasquez's motion to expunge the record of his conviction for aggravated burglary.

¶4     While this Court has recognized the statutory authority to expunge criminal records in limited instances, we have rejected both the inherent judicial authority to expunge criminal records as well as the jurisdiction in equity to expunge such records. *State v. Chesley*, 2004

2

MT 165, ¶¶ 14-15, 322 Mont. 26, 92 P.3d 1212. "Absent explicit authorization from the legislature, we conclude that the judiciary has no power to expunge criminal records. Expungement of such records is a matter of legislative discretion." *Chesley*, ¶ 15. Accordingly, we concluded that the district court correctly denied Chesley's motion to expunge because there was no explicit statutory authorization for expungement in that case. *Chesley*, ¶¶ 15, 17.

¶5      The sole authority cited by Vasquez to expunge his conviction was § 41-5-604, MCA, a statute related to youth court records. Vasquez was 25 years old at the time of the aggravated burglary, therefore this statute is not applicable. We conclude that the District Court's denial of Vasquez's motion to expunge his aggravated burglary conviction was correct. While Vasquez raises various questions regarding his innocence and ineffective assistance of counsel, these claims are beyond the scope of the sole issue of expungement raised below.

¶6      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

¶7      Affirmed.


                                        /S/ MIKE McGRATH



We concur:

3

/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JIM RICE
/S/ JAMES C. NELSON