No. 13143

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DANIEL MARCUS SHULTS,

Defendant and Appellant.

---

Appeal from:  District Court of the First Judicial District,
Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Appellant:

Robert J. Yunck argued, Townsend, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas Dowling, County Attorney, Helena, Montana
Charles A. Graveley, Deputy County Attorney, argued,
Helena, Montana

---

Submitted:  December 10, 1975

Decided: JAN 7 1976

Filed: JAN 7 1976

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The question in this case is whether a Montana district court retains jurisdiction of a criminal case in which the state amends an information charging a single felony to one charging only a lesser included misdemeanor.

This appeal was submitted on an agreed statement of fact pursuant to section 95-2408(d), R.C.M. 1947:

"On June 3, 1975, a one count Information was filed in the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark, charging the defendant, Daniel Marcus Shults, with the offense of Theft, §94-6-302(1)(a), R.C.M. 1947, a felony./ At the arraignment, upon motion of Deputy County Attorney Charles A. Gravely, the Information was amended to charge the Defendant with the offense of Unauthorized Use of a Motor Vehicle, §94-6-305, R.C.M. 1947, a misdemeanor. The Defendant was then arraigned in the District Court and plead guilty to the misdemeanor. Upon questioning by the Court, Defendant acknowledged his awareness that by entering such a plea he was risking the full punishment of imprisonment in the County Jail for a term not to exceed six (6) months, or a fine not to exceed Five Hundred Dollars ($500.00), or both. Whereupon the Court accepted Defendant's plea of guilty and sentenced him to serve a term of six (6) months in the Lewis and Clark County Jail.

"On June 9, 1975, the Defendant filed a motion in the District Court to set aside the judgment of conviction and to dismiss the amended Information on the grounds that the District Court lacked jurisdiction over the misdemeanor offense charged. The motion was briefed, a hearing was held and the District Court denied Defendant's motion on July 9, 1975. On July 17, 1975, Defendant filed a notice appealing the denial of said motion

Arraignment was set for June 6, 1975.

- 2 -

to the Supreme Court of the State of Montana."

The district court has original jurisdiction in all criminal cases amounting to a felony (Art. VII, Section 4, 1972 Montana Constitution) and " * * * of all public offenses not otherwise provided for" (section 95-301, R.C.M. 1947). The justice court has " * * * such original jurisdiction as may be provided by law" (Art. VII, Section 5, 1972 Montana Constitution) which jurisdiction includes " * * * all misdemeanors punishable by a fine not exceeding five hundred dollars ($500.00) or imprisonment not exceeding six (6) months, or both such fine and imprisonment * * *" (subject to exceptions not pertinent here). Section 95-302, R.C.M. 1947.

Here the original charge carried a penalty of imprisonment up to ten years (section 94-6-302(4)) and was clearly a felony because of the potential sentence. Section 94-1-105(1), R.C.M. 1947. The amended charge carried a penalty of a fine up to $500 or imprisonment in the county jail for a term not exceeding six months (section 94-6-305(2), R.C.M. 1947) and was clearly a misdemeanor. Section 94-2-101(37), R.C.M. 1947.

The misdemeanor here is a lesser included offense in the felony. Section 95-1711 (1)(b)(i), R.C.M. 1947. Unauthorized use of the automobile is the common element in both the original charge and the amended charge, the former requiring the additional element of an intent or purpose to deprive the owner of his property. Cf. section 94-6-302(1)(a), R.C.M. 1947, and section 94-6-305(1), R.C.M. 1947.

In the instant case it is conceded that had the amended charge been filed originally, the district court would have had no subject matter jurisdiction over the crime. But because the original charge was a felony, the jurisdiction of the district court attached at the commencement of the action. Was the district

court's jurisdiction divested when the state later amended the information to charge only a lesser included misdemeanor?

It has been held in a similar case from another jurisdiction that where the district court's jurisdiction is invoked by an indictment charging felony theft, it is not lost by the fact that the state subsequently reduces the charge to a lesser included misdemeanor theft. Bruce v. Texas, (Texas 1967) 419 S.W.2d 646.

We consider this a sound rule. Here the parties concede that where a defendant is charged with a felony, tried by jury, and convicted of a lesser included misdemeanor, the district court does not lose jurisdiction. This conforms to the applicable general rule which has been stated in 22 C.J.S. Criminal Law, § 169:

> "As a general rule, where the court has jurisdiction of the crime for which accused is indicted, sometimes by reason of statute, it is not lost if on the evidence he is convicted of a crime of an inferior grade of which it would not have jurisdiction originally * * *."

We see no difference in principle or result where the state amends the original charge prior to trial, and the defendant pleads guilty to the lesser included offense. If the rule were otherwise, the court of original jurisdiction would lose its ability to conclude the case with a just result.

The order of the district court refusing to set aside the conviction and dismiss the amended information is affirmed.

_Frank I. Haswell_
------------------------------------
Justice

We concur:

_James T. Harrison_
Chief Justice

_John Conway Harrison_

_Wesley Castles_

_Gene B. Daly_
Justices

- 4 -