No. 97-322

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

RICHARD DEAN WHEELER,

Defendant and Appellant.


APPEAL FROM:    District Court of the Sixth Judicial District,
In and for the County of Park,
Honorable Wm. Nels Swandal, Judge Presiding.


COUNSEL OF RECORD:

For Appellant:

Dan Yardley, Law Office of Yardley & Yardley, Livingston, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

Tara DePuy, County Attorney, Livingston, Montana



Submitted on Briefs:  October 9, 1997

Decided: November 13, 1997

Filed:


_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Richard Dean Wheeler was convicted of driving under the influence of alcohol (DUI), fourth offense, in the Sixth Judicial District Court, Park County, after he pled guilty to the charge against him. He appeals. We affirm.

The dispositive issue is whether Wheeler's guilty plea forecloses his argument that the District Court erred in denying his motion to exclude his three prior DUI convictions as a basis for designating the June 1996 charge as his fourth DUI offense.

Wheeler was charged with DUI, fifth offense, in Park County, Montana, in June 1996. The affidavit in support of the information alleged that Wheeler had four previous DUI convictions and that he did not have a driver's license in his possession. Under õ 61-8-714(4), MCA (1995), a conviction of a fourth or subsequent offense DUI is a felony.

Wheeler moved to dismiss the charge, arguing that the 1995 amendments to Montana's DUI statutes violated constitutional ex post facto provisions and that a felony penalty was disproportionate to his offense. The motion to dismiss did not challenge either the number or the validity of his prior convictions. The District Court denied the motion to dismiss.

Wheeler subsequently pled guilty to DUI, fifth offense, pursuant to a plea agreement in which the State agreed to recommend that Wheeler be placed in an intensive supervision program rather than at the state prison or county jail. After the plea agreement was filed, the court ordered a presentence investigation.

The presentence investigation report documented that Wheeler had been convicted of DUI in Colorado once in 1988 and twice in 1989. The report also stated that Wheeler admitted that he had been convicted of DUI in 1991, but that the 1991 conviction did not appear in computer records of his criminal history.

After the presentence investigation report was filed, but before his sentencing hearing, Wheeler moved to expunge his Colorado DUI convictions, arguing that those convictions would have been expunged if they had occurred in Montana. He also argued that the Driver License Compact, õõ 61-5-401 through -406, MCA, requires Montana to treat out-of-state convictions as if they occurred in this state. The State responded by arguing that Colorado was Wheeler's home state when he received his DUI convictions, that the Driver License Compact did not apply, and that Wheeler had no reasonable expectation that his Colorado convictions would be expunged. During the sentencing hearing, the District Court orally denied Wheeler's motion to expunge, but the court did not file a separate written order setting forth its rationale. The court sentenced Wheeler according to the plea agreement, but the judgment provided that his sentence was for fourth, rather than fifth, offense DUI.

## Discussion

Does Wheeler's guilty plea foreclose his argument that the District Court erred in denying his motion to exclude his three prior DUI convictions as a basis for designating the June 1996 charge as his fourth DUI offense?

After a criminal defendant pleads guilty and thereby admits that he is guilty of the offense charged, he may only attack the voluntary and intelligent character of his plea and may not raise independent claims relating to prior deprivation of his constitutional rights. State v. Hilton (1979), 183 Mont. 13, 18, 597 P.2d 1171, 1174. A voluntary and intelligent plea of guilty constitutes a waiver of nonjurisdictional defects and defenses. Hagan v. State (1994), 265 Mont. 31, 35, 873 P.2d 1385, 1387. Wheeler has not challenged the voluntary and intelligent nature of his plea, nor has he sought to withdraw the plea entered under the plea agreement. He did not reserve the right to appeal any pre-plea adverse rulings of the District Court. Thus, by pleading guilty, Wheeler has waived all nonjurisdictional claims for purposes of appellate review.

In Hagen, 873 P.2d at 1388, this Court adopted the description of jurisdictional claims in the context of waiver set forth in United States v. Cortez (9th Cir. 1992), 973 F.2d 764. Cortez limited jurisdictional claims to "those cases in which the district court could determine that the government lacked the power to bring the indictment at the time of accepting the guilty plea from the face of the indictment or from the record." Cortez, 973 P.2d at 767, citing United States v. Broce (1989), 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927.

When the District Court accepted Wheeler's plea of guilty, the State had the power to bring the charge against him, nothing to the contrary being evident from the face of the information or from the record. The State was authorized under õ 61-8-714(4), MCA (1995), to charge Wheeler with felony DUI because the information alleged that he had four previous DUI convictions. Wheeler did not contest the number or validity of his prior convictions before entering his guilty plea, and he did not argue that the prior convictions should be expunged from his record. The presentence investigation was not then before the court, and the record did not contain sufficient information for the court to determine whether the government lacked the power to bring the charge based upon Wheeler's present contention.

Wheeler attempts to argue that his Colorado DUI convictions were relevant only at his sentencing and did not affect his plea of guilty to the Montana charge, so

that his
motion to expunge was timely because it was made before he was sentenced.  The record
proves otherwise.  Wheeler was specifically charged with fifth offense DUI, a felony.
In pleading guilty, he acknowledged the felony nature of the charge against him and the
maximum possible penalty of imprisonment for ten years and a $10,000 fine, both of
which apply only to fourth or subsequent DUI offenses.  The number of previous
convictions clearly came into play both in the charge filed against Wheeler and in his plea
agreement.  It cannot correctly be said that the Colorado convictions were relevant only
at sentencing.

     We conclude that Wheeler's expungement claim is a nonjurisdictional claim which
was waived by the entry of his guilty plea.  Wheeler's argument on appeal having been
waived by his entry of a guilty plea, we affirm the judgment of the District Court.

                    /S/   J. A.   TURNAGE


We concur:

/S/   JAMES C. NELSON
/S/   KARLA M. GRAY
/S/   TERRY N. TRIEWEILER
/S/   W. WILLIAM LEAPHART