No. 00-262

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 87N

STATE OF MONTANA,

     Plaintiff and Respondent,

  v.

DAVID ROWLAND GIBSON,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and for the County of Missoula,
                  The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       David Rowland Gibson, Shelby, Montana (*pro se*)

       For Respondent:

       Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant
Montana Attorney General, Helena, Montana; Fred R. Van Valkenburg,
Missoula County Attorney, Missoula, Montana

Submitted on Briefs: April 12, 2001

Decided:  May 2, 2002

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of non-citable cases issued by this Court.

¶2 David Rowland Gibson (Gibson) appeals an order of the Fourth Judicial District Court, Missoula County, denying postconviction relief. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In February 1992, Gibson pleaded guilty to one count of sexual assault and one count of unlawful restraint in exchange for the dismissal of deviant sexual conduct and criminal endangerment charges. The District Court entered judgment against Gibson; suspended his sentence for concurrent terms of 15 years at Montana State Prison and six months in the county jail; and ordered specific terms and conditions for probation.

¶4 Four years later, on April 19, 1996, Gibson was arrested in Billings, Montana, on various drug-related charges. He pleaded guilty and was sentenced to Montana State Prison. On November 29, 1996, the Missoula County Attorney's office petitioned to revoke the suspension of Gibson's 1992 sentence, alleging Gibson violated the conditions of probation by possessing dangerous drugs. A supplemental petition was filed two weeks later alleging Gibson had pornography in his possession, which violated another probation condition.

¶5 Upon Gibson's release from prison on May 25, 1998, the District Court in Missoula County issued a bench warrant for Gibson's arrest. Gibson appeared before the Missoula court on May 29,

2

1998, and obtained court-appointed counsel. On June 8, 1998, Gibson signed an acknowledgment and waiver of rights, and admitted the probationary violations alleged in 1996. The court entered judgment on June 19, 1998, which revoked the suspension of the 1992 sentence and ordered Gibson to register as a sexual offender pursuant to §§ 46-23-504 through 506, MCA, and to provide a blood sample for DNA testing pursuant to § 44-6-103, MCA.

¶6     Gibson applied for sentence review but did not file a notice of appeal. The Sentencing Review Board awarded Gibson credit against his 15-year prison sentence for the 33 months served on his 1996 drug conviction. More than six months after sentence revocation, Gibson filed a motion for production and discovery, which was summarily denied, and dismissed on appeal to this Court. In the meantime, the District Court denied Gibson's request for transcripts but did allow him certain documents from the court files. Gibson's request for appointment of counsel was denied without prejudice pending the need for a postconviction hearing.

¶7     Gibson filed for postconviction relief on May 14, 1999. The District Court did not conduct a hearing, but following a responsive pleading by the State, addressed and denied each of the claims on the merits. Gibson raises the following issues on appeal:

¶8     1. Did the District Court err in rejecting Gibson's claim of ineffective assistance of counsel at the sentence revocation proceedings?

¶9     2. Did the District Court err in denying Gibson's claim of *ex post facto* violations in the court's application of the sex offender registration and DNA sampling statutes?

## STANDARD OF REVIEW

¶10    We review a district court's denial of a petition for postconviction relief to determine whether the findings are clearly erroneous and whether the conclusions of law are correct.

3

*Dawson v. State,* 2000 MT 219, ¶ 18, 301 Mont. 135, ¶ 18, 10 P.3d 49, ¶ 18; *Bone v. State* (1997), 284 Mont. 293, 302, 944 P.2d 734, 739-740.

## DISCUSSION

¶11    *Issue 1.  Did the District Court err in rejecting Gibson's claim of ineffective assistance of counsel at the sentence revocation proceedings?*

¶12    A defendant's right to assistance of counsel is guaranteed by Article II, Section 24, of the Montana Constitution and by the Sixth Amendment to the United States Constitution.  We review claims of ineffective assistance using the two-pronged test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.  *See also State v. Boyer* (1985), 215 Mont. 143, 147, 695 P.2d 829, 831 (adopting the *Strickland* test in Montana).  *Strickland* provides that a defendant is denied effective assistance if:  (1) counsel made errors so serious that his or her conduct fell short of the range of competence required of attorneys in criminal cases; and (2) the errors were prejudicial.  *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.  The prejudice prong may be substantiated when a defendant challenges a guilty plea by demonstrating a reasonable probability that he or she would not have pleaded guilty "but for" the grievous errors of counsel.  *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203.

¶13    Gibson claims he was denied effective assistance because his attorney failed to seek dismissal of the petition to revoke his suspended sentence on the grounds that his 1996 arrest in Billings for drug possession was without a warrant and, thus, illegal.  In other words, after serving his sentence on the drug charges, Gibson claims performance of his attorney at the Missoula County sentence revocation hearing was deficient for not challenging the constitutional validity of the

4

underlying Yellowstone County drug conviction. Gibson does not assert that his guilty plea to the drug charges was involuntary.

¶14     The District Court found a challenge to the legality of Gibson's 1996 arrest was a subject properly raised as part of the Yellowstone County criminal proceedings, and not an issue for the postconviction court to resolve.   On appeal, the State cites *State v. Gordon*, 1999 MT 169, 295 Mont. 183, 983 P.2d 377, for the proposition that a defendant who enters a voluntary and intelligent guilty plea not only admits guilt, but waives all non-jurisdictional defects and defenses, and may not raise independent claims relating to prior deprivations of constitutional rights. *Gordon*, ¶ 23 (*citing State v. Wheeler* (1997), 285 Mont. 400, 402, 948 P.2d 698, 699). Unless the defendant preserves an issue for appeal pursuant to § 46-12-204(3), MCA, by motion and with the consent of the prosecutor before pleading guilty, the issue is waived. *Gordon*, ¶ 31.

¶15     Consistent with our holding in *Gordon*, when Gibson pleaded guilty to the drug charges, without preserving the issue of the allegedly illegal arrest, he waived his constitutional claim and foreclosed any opportunity to contest the legality of the arrest. We conclude that Gibson's claim that his counsel at his sentence revocation hearing performed deficiently for not resurrecting a dead challenge is without merit.

¶16     Gibson next asserts that counsel was ineffective for failing to seek dismissal of the petition to revoke on the basis that Gibson was not brought before the District Court "without unnecessary delay" as required by § 46-23-1013, MCA (1999).  This statute provides that:

> Upon such arrest and detention, the probation and parole officer shall immediately notify the court with jurisdiction over such prisoner and shall submit in writing a report showing in what manner the defendant has violated the conditions of release. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charged. The hearing may be informal or summary.

5

Section 46-23-1013(1), MCA.

¶17   As we noted in *State v. Oppelt* (1979)*, 184 Mont. 48, 601 P.2d 394, proceedings for revocation of a suspended sentence are not criminal prosecutions and a probationer has no constitutional right to a "speedy trial."   There is no untimely delay if the lapse between the defendant's arrest for probation violations and the first revocation hearing is not unreasonable. *Oppelt*, 184 Mont. at 56, 601 P.2d at 399.   A determination of untimely delay depends upon the facts of a particular case.  *State v. Kingery* (1989), 239 Mont. 160, 165, 779 P.2d 495, 498.

¶18   The District Court found that Gibson was arrested and held in the Yellowstone County detention facility in Billings on the drug charges in April 1996, and remained incarcerated on those offenses until sentencing in November 1996.  Shortly thereafter, a petition for sentence revocation was filed in Missoula County.  On December 16, 1996, the District Court in Missoula held an initial hearing, was advised that a bench warrant had been issued for Gibson's arrest, and continued the case pending the completion of Gibson's prison term.  Immediately upon Gibson's release in May 1998, the Missoula County court issued another bench warrant.  Gibson was arrested and appeared before the court on May 29, 1998.  The District Court concluded that a delay of 11 days between Gibson's arrest and the revocation hearing, which occurred on June 8, 1998, was not unreasonable.

*¶19*   The District Court correctly stated that there is no statutory requirement that a court act on a probationary violation while the defendant remains incarcerated on a separate offense.  We agree that postponing Gibson's arrest until he had been released from prison did not constitute unnecessary delay and that the sentence revocation hearing was held in a timely manner after the arrest. Accordingly, Gibson's claim of ineffective assistance because his counsel failed to challenge these procedures is without merit.

6

¶20    *Issue 2. Did the District Court err in denying Gibson's claim of ex post facto violations in the court's application of the sex offender registration and DNA sampling statutes?*

¶21    This Court uses a two-part test to determine whether a statute violates the constitutional ban on *ex post facto* laws:  (1) the law must be retrospective, and (2) it must disadvantage the offender affected by it.  *State v. Duffy*, 2000 MT 186, ¶ 29, 300 Mont. 381, ¶ 29, 6 P.3d 453, ¶ 29 *(citing State v. Leistiko* (1992), 256 Mont. 32, 36-37, 844 P.2d 97, 100).

¶22    Upon revocation of Gibson's suspended sentences for sexual assault and illegal restraint, the District Court ordered Gibson to register as a sex offender for his lifetime and to provide a blood sample for DNA testing.  Gibson argues these requirements violate the ban against *ex post facto* laws by increasing the severity of his criminal punishment beyond what was authorized at the time of his convictions in 1992.

¶23    The District Court noted that the sexual offender registration statutes, §§ 46-23-504 through 506, MCA, enacted in 1989, are mandatory, not discretionary.  The fact that the sentencing court did not impose the registration requirement in 1992 and that this oversight was corrected by the court in 1998 does not constitute an *ex post facto* violation.  The DNA sampling requirement for felony offenders was enacted in 1995.  The Legislature stated its explicit intention that the provisions of the law apply retroactively.   *See* Compilers Comments to § 44-6-101, MCA (1997).  The court determined that DNA sampling does not increase the severity of the criminal punishment, which is key to this Court's *ex post facto* analysis.

¶24    On appeal, the State notes that, although the District Court correctly analyzed the issues, the *ex post facto* claims presented by Gibson could have been raised on direct appeal and, therefore, are procedurally barred in postconviction proceedings, pursuant to § 46-21-105(2), MCA.  We agree and affirm on that basis.

7

## CONCLUSION

¶25   We conclude that the District Court was correct to dismiss Gibson's petition for postconviction relief.  Gibson's assertions of ineffective assistance of counsel are without merit and his *ex post facto* claim is procedurally barred on postconviction relief.

¶26   Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART