No. 04-874

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 103

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

KEVIN GENE TOMASKIE,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Ninth Judicial District,
In and For the County of Toole, Cause No. DC-2003-028,
Honorable Marc G. Buyske, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            William E. Hunt, Jr., Hunt Law Firm, Shelby, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Pamela P. Collins,
Assistant Attorney General, Helena, Montana

            Merle Raph, County Attorney, Shelby, Montana

            Submitted on Briefs:  April 3, 2007

                      Decided:  April 25, 2007

Filed:

_____
                   Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Kevin Gene Tomaskie (Tomaskie) appeals from a judgment entered in the Ninth Judicial District Court, Toole County, convicting him of the offense of criminal possession of dangerous drugs (marijuana), a felony. We reverse and remand.

¶2 On July 10, 2003, the State filed an Information charging Tomaskie with criminal possession of dangerous drugs (marijuana), a felony. Though he was alleged to have been in possession of less than sixty grams of marijuana, the Information charged Tomaskie with a felony alleging that he had previously been convicted of the offense of criminal possession of marijuana. Section 45-9-102(2), MCA, provides that a second conviction for possession of marijuana may be charged as a felony. In 1995 Tomaskie had been convicted in the Havre City Court of the misdemeanor offense of possession of marijuana.

¶3 In March of 2004 the District Court accepted Tomaskie's plea of guilty on the felony charge, ordered a pre-sentence report (PSI) and postponed sentencing pending the receipt of the PSI. When the PSI was prepared, it showed that Tomaskie's 1995 marijuana possession conviction had resulted in the imposition of a one-year deferred imposition of sentence.

¶4 Prior to sentencing on the Toole County felony charge in question here, Tomaskie contacted the Havre City Court. As he had fulfilled the conditions of the deferred imposition of sentence on the 1995 conviction, the Havre City Court dismissed the charge. Tomaskie then moved the Toole County District Court to amend the charge in this case reducing it from a felony to a misdemeanor. Tomaskie argued that under § 45-

9-102(2), MCA, possession of less than sixty grams of marijuana can be charged as a felony only if it is the defendant's second or subsequent conviction; and, as the previous charge had been dismissed, the offense charged in Toole County was no longer his second conviction. The District Court denied Tomaskie's motion. The District Court reasoned that the prior conviction remained of record at the time the Toole County charge was filed and at the time Tomaskie pled guilty to that charge. On October 21, 2004, the District Court deferred the imposition of sentence for three years, on conditions. This appeal followed.

¶5    The issue presented is whether the District Court erred in denying Tomaskie's motion to amend the charge and imposing a felony sentence, rather than a misdemeanor sentence.

¶6    The relevant facts are not in dispute. When the parties have raised no factual disputes, this Court determines only whether the district court correctly interpreted the law. *State v. Bowles*, 284 Mont. 490, 492, 947 P.2d 52, 53 (1997).

¶7    Tomaskie argues that because his prior conviction in the Havre City Court was dismissed before he was convicted of the Toole County charge, the Toole County charge must be reduced from a felony to a misdemeanor. The State counters that such amendment is not required after the Toole County District Court accepted Tomaskie's guilty plea. The State reasons that, since the prior Havre conviction existed at the time Tomaskie pled guilty to the Toole County offense, the District Court was correct in concluding that Tomaskie was convicted at that point and the court correctly denied the motion to amend the charge to a misdemeanor.

3

¶8     A felony is defined as:

>    "Felony" means an offense in which the sentence imposed upon conviction is death or imprisonment in a state prison for a term exceeding 1 year.

Section 45-2-101(23), MCA.

¶9     A conviction is defined as:

>    "Conviction" means a judgment or sentence entered upon a guilty or nolo contendere plea or upon a verdict or finding of guilty rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury.

Section 46-1-202(7), MCA.

¶10    A judgment is defined as:

>    "Judgment" means an adjudication by a court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court.

Section 46-1-202(11), MCA.

¶11    A sentence is defined as:

>    "Sentence" means the judicial disposition of a criminal proceeding upon a plea of guilty or nolo contendere or upon a verdict or finding of guilty.

Section 46-1-202(25), MCA.

¶12    Thus, in order for there to be a conviction, a sentence must be imposed. In this case, when Tomaskie obtained a dismissal of the Havre City Court charge, he had not been sentenced on the Toole County charge. Therefore, he had not yet been convicted in the Toole County case. The District Court erred in determining that when Tomaskie pled guilty he had been convicted. A conviction does not occur until sentence is imposed.

4

¶13 As to the Havre City Court charge, the imposition of a deferred sentence does constitute a conviction and final judgment. *Davis v. State*, 2004 MT 112, ¶ 16, 321 Mont. 118, ¶ 16, 88 P.3d 1285, ¶ 16. However, when the judgment is for a deferred imposition of sentence, it may be set aside. Section 46-18-204, MCA, provides:

> Whenever the court has deferred the imposition of sentence and after termination of the time period during which imposition of sentence has been deferred, upon motion of the court, the defendant, or the defendant's attorney, the court may allow the defendant to withdraw a plea of guilty or nolo contendere or may strike the verdict of guilty from the record and order that the charge or charges against the defendant be dismissed. A copy of the order of dismissal must be sent to the prosecutor and the department of justice, accompanied by a form prepared by the department of justice and containing identifying information about the defendant. After the charge is dismissed, all records and data relating to the charge are confidential criminal justice information, as defined in 44-5-103, and public access to the information may only be obtained by district court order upon good cause shown.

Accordingly, when a sentence has been deferred and the period of deferment has expired, the court may dismiss the charges.

¶14 Section 45-9-102(2), MCA, provides:

> A person convicted of criminal possession of marijuana or its derivatives in an amount the aggregate weight of which does not exceed 60 grams of marijuana or 1 gram of hashish is, for the first offense, guilty of a misdemeanor and shall be punished by a fine of not less than $100 or more than $500 and by imprisonment in the county jail for not more than 6 months. The minimum fine must be imposed as a condition of a suspended or deferred sentence. A person convicted of a second or subsequent offense under this subsection is punishable by a fine not to exceed $1,000 or by imprisonment in the county jail for a term not to exceed 1 year or in the state prison for a term not to exceed 3 years or by both.

¶15 Tomaskie was not convicted of a second or subsequent offense under § 45-9-102(2), MCA, in Toole County because before those proceedings resulted in a conviction

5

(i.e., before sentence was imposed), he had taken the affirmative steps required to have the prior Havre City Court conviction dismissed. [1]

¶16    In *State v. Gladue*, 209 Mont. 235, 679 P.2d 1256 (1984), this Court held that if the charges for a previous offense resulted in a deferred sentence, and such charges have since been dismissed, the defendant has no prior predicate conviction as contemplated by the persistent felony offender statute and such defendant must be sentenced accordingly. *Gladue*, 209 Mont. at 239-40, 679 P.2d at 1259. We conclude that the reasoning in *Gladue* applies to Tomaskie's charge of possession under § 45-9-102, MCA. The Havre City Court conviction for the previous offense of possession of less than sixty grams of marijuana was dismissed prior to the time Tomaskie was sentenced and convicted in Toole County. Thus, at the time of his Toole County sentencing, Tomaskie had no prior conviction as contemplated by § 45-9-102(2), MCA, and he should not have been sentenced as a felon.

¶17    This case is distinguishable from *State v. Lorash*, 238 Mont. 345, 777 P.2d 884 (1989), cited by the State in support of its argument. Lorash, who had previously received a deferred sentence, made no attempt to have the charges in the previous case dismissed before he was sentenced on a subsequent charge. Therefore, the previous conviction was still in place when Lorash was convicted on the later charge, and he was properly denied a second deferred sentence. *Lorash*, 238 Mont. at 347, 777 P.2d at 885-

---

[1]The State does not argue that it was Tomaskie's obligation to assure that a copy of the order of dismissal was sent to the prosecutor and the department of justice, accompanied by a form containing identifying information about him.

86. In this case, Tomaskie did take the affirmative step of having his previous conviction dismissed before being sentenced and convicted of the subsequent offense.

¶18 Tomaskie's situation also differs from *State v. Wheeler*, 285 Mont. 400, 948 P.2d 698 (1997), in which Wheeler, who was charged with fifth offense felony DUI, pled guilty to the felony charge and then, before sentencing, moved to expunge the prior DUI convictions from the State of Colorado. We held that, in pleading guilty, Wheeler waived all nonjurisdictional claims, including any claim that the prior Colorado convictions should be expunged. We reasoned that "[t]he number of previous convictions clearly came into play both in the charge filed against Wheeler and in his plea agreement. It cannot correctly be said that the Colorado convictions were relevant only at sentencing." *Wheeler*, 285 Mont. at 403, 948 P.2d at 700. In other words, Wheeler's basis for seeking expungement of the Colorado convictions was extant at the time the Montana charge was filed. If there was merit to Wheeler's expungement argument, the district court would have had to grant a timely motion to dismiss the felony charge. In contrast, when Tomaskie entered his plea to the felony possession charge, he had no basis for challenging the felony nature of the charge since, *at that time*, his Havre City Court conviction was still valid. His plea of guilty did not constitute a waiver because there was nothing to waive at that juncture. It was only after his plea that his Havre City Court charge was dismissed. Once the Havre charge was dismissed, he then had a basis for arguing that the District Court no longer had the predicate offense required for imposing a felony sentence.

7

¶19 Finally, Tomaskie also argues that this case must be dismissed because the offense became a misdemeanor when the Havre City Court charge was dismissed and a district court lacks subject matter jurisdiction over misdemeanor offenses.

¶20 Section 45-1-201(1), MCA, provides:

> For the determination of the court's jurisdiction at the commence-ment of the action and for the determination of the commencement of the period of limitations, the offense shall be designated a felony or misdemeanor based upon the maximum potential sentence which could be imposed by statute.

¶21 Tomaskie was charged with a felony offense at the commencement of the Toole County action, and the District Court acquired jurisdiction over this case.

¶22 The applicable general rule is:

> [T]he jurisdiction of a court depends on the state of facts existing at the time it is invoked, and once jurisdiction of the person and subject matter attaches it continues until final disposition or determination of the case.

22 C.J.S. Criminal Law § 222 (2006) (citations omitted).

¶23 In S*tate v. Shults*, 169 Mont. 33, 544 P.2d 817 (1976), the defendant was originally charged with a felony in district court. Upon arraignment the State moved to amend the charge to a lesser included misdemeanor, the motion was granted and the district court imposed a misdemeanor sentence. Shults appealed, arguing that when the charge was amended to a misdemeanor the district court lost jurisdiction. On appeal, we noted that if the charge had been filed originally as a misdemeanor, the district court would have had no subject matter jurisdiction. We held, however, that where a district court's jurisdiction was originally invoked by a felony charge, district court subject matter jurisdiction was not lost even though Shults was convicted of a misdemeanor.

8

¶24    This case is similar to *Shults*. When the Information was filed, Tomaskie's prior conviction had not been dismissed and he was thus properly charged with a felony in District Court. When the Havre City Court dismissed Tomaskie's previous conviction, the ability to impose a felony sentence on Tomaskie was lost. However, the District Court retained jurisdiction. *See Shults*, 169 Mont. at 36, 544 P.2d at 819.

¶25    Reversed and remanded for re-sentencing consistent with this Opinion.


                                                    /S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS

Justice John Warner dissents.

¶26    I must dissent.  Tomaskie waived his right to have the charge amended when he plead guilty to second offense possession of marijuana.

¶27    I disagree with the Court that this case is distinguishable from *Wheeler*.  The same issue is presented here, and the result must be the same.  Wheeler was charged with driving under the influence of alcohol (DUI), fifth offense, a felony.  To be sentenced as a felony, a DUI must be a fourth or subsequent offense.  Section 61-8-714(4), MCA (1995).  Wheeler moved to dismiss the charge.  The district court denied his motion.  Wheeler then plead guilty without reserving his right to appeal any pre-plea adverse rulings.  After accepting the plea, the court ordered a PSI.  After the PSI was filed, and before sentencing, Wheeler moved to expunge two of the alleged prior convictions.  The district court denied Wheeler's motion and sentenced him according to the plea agreement.

¶28    On appeal, this Court affirmed the district court.  We held:

> [a]fter a criminal defendant pleads guilty and thereby admits that he is guilty of the offense charged, he may only attack the voluntary and intelligent character of his plea and may not raise independent claims relating to prior deprivation of his constitutional rights.  A voluntary and intelligent plea of guilty constitutes a waiver of non-jurisdictional defects and defenses.

*Wheeler*, 285 Mont. at 402, 948 P.2d at 699 (citing *State v. Hilton*, 183 Mont. 13, 18, 597 P.2d 1171, 1174 (1979), and *Hagen v. State*, 265 Mont. 31, 35, 873 P.2d 1385, 1387 (1994) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973)).

10

¶29    In *Hagan,* we defined jurisdictional claims in the context of waiver as set forth in *United States v. Cortez*, 973 F.2d 764, 767 (9th Cir. 1992). *Hagan,* 265 Mont. at 36, 873 P.2d at 1388. *Cortez* limited jurisdictional claims to "those cases in which the district court could determine that the government lacked the power to bring the indictment *at the time of accepting the guilty plea from the face of the indictment or from the record.*" *Cortez,* 973 F.2d at 767 (emphasis in original).

¶30    At the time that Tomaskie was charged, and at the time he plead guilty, his prior conviction of possession of marijuana had not been dismissed and thus the State had the power to bring the felony charge. Therefore, Tomaskie's claim is non-jurisdictional.

¶31    Contrary to the Court's opinion, Tomaskie was in exactly the same position that Wheeler was in before and after he plead guilty. Up to and at the time of their guilty pleas, the predicate offenses were subject to being invalidated as previous offenses upon which the current felony charges were based. After they plead guilty, both Tomaskie and Wheeler had admitted the offenses with which they were charged, each of which required previous convictions of a like offense. Neither reserved the right to appeal. Wheeler was denied the opportunity to challenge the felony nature of the subsequent charge on the basis that he had waived all non-jurisdictional defects in that charge. However, we have sustained Tomaskie's challenge to the felony nature of a charge to which he plead guilty. *Wheeler* cannot be distinguished, as the Court does at ¶ 18, by simply saying that at the time Tomaskie plead guilty he had no basis to challenge the felony nature of the charge. When he plead guilty as charged, Tomaskie waived the right to later have the Havre City

11

Court conviction "not count" as a second possession conviction. After he plead guilty, Tomaskie was in the same position as Wheeler.

¶32    For several years before and up to the time he plead guilty in this case, Tomaskie could have taken the necessary steps to have the Havre City Court charge dismissed. Wheeler also had up to the time he plead guilty to attack the predicate DUI charges. Just like Wheeler, when Tomaskie plead guilty he waived his right to challenge all non-jurisdictional defects in the charge.

¶33    Tomaskie has not challenged the voluntary nature of his plea on appeal, nor has he argued that his counsel was ineffective. The District Court did not err in denying his motion to amend the charge from a felony to a misdemeanor and the judgment should be affirmed. I dissent.

/S/ JOHN WARNER

Justice Jim Rice joins in the foregoing dissent.

/S/ JIM RICE