FILED

December 15 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0282

DA 15-0282

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 345N

LaVERNE J. VONDAL,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM: District Court of the Fifteenth Judicial District,
In and For the County of Sheridan, Cause No. DC 04-1052
Honorable Katherine M. Bidegaray, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        LaVerne Joseph Charles Vondal, self-represented, Shelby, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General; Helena, Montana

        Benjamin Jordan Fosland, Sheridan County Attorney, Scobey, Montana

Submitted on Briefs: November 12, 2015
Decided: December 15, 2015

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Representing himself, LaVerne J. Vondal appeals the order of the Fifteenth Judicial District Court, Sheridan County, denying his petition for postconviction relief. We affirm because Vondal's petition is both untimely and procedurally barred.

¶3 In August 2004, Vondal pleaded guilty to one count of operating a clandestine drug lab and two counts of felony criminal endangerment. On November 15, 2004, Vondal was sentenced to forty years in prison with twenty-five years suspended for the first offense, and to ten years each for the remaining two counts. All sentences were to run concurrently. Vondal has filed a number of petitions related to his November 2004 conviction.

¶4 Vondal first filed a motion to amend judgment in September 2006 that the District Court denied. We affirmed the court's decision in *State v. Vondal*, 2008 MT 52N, 342 Mont. 550, ___ P.3d ___ (table), after determining that Vondal's motion was "in essence,

2

a petition for postconviction relief" that was untimely under § 46-21-102(1), MCA. *Vondal*, ¶ 5.[1]

¶5      In 2010, Vondal filed another petition for postconviction relief that the District Court denied on the grounds that the petition was time-barred under § 46-21-102(1), MCA, and procedurally barred under § 46-21-105(1)(b), MCA.  Vondal has filed, and we have denied, the following other petitions related to his November 2004 conviction: petition for writ of supervisory control, *LaVerne J. Vondal v. 15th Judicial District Court*, No. OP 10-0258, Or. (Mont., May 28, 2010); petition for an out-of-time appeal, *State v. LaVerne Joseph Charles Vondal*, No. DA 13-0417, Or. (Mont., Aug. 13, 2013); and petition for writ of habeas corpus, *LaVerne J. Vondal v. State*, No. OP 15-0647, Or. (Mont., Nov. 4, 2015).

¶6      In 2014, we did, however, grant Vondal's petition for writ of habeas corpus for the limited purpose of amending his 2004 judgment.  *LaVerne J. Vondal v. Martin Frink, Warden, et al.*, No. OP 14-0079, Or. (Mont., Apr. 16, 2014).  We determined that the sentencing court imposed probation and parole conditions that it lacked the authority to impose.  We therefore directed the District Court to issue an amended judgment and sentence clarifying that the parole conditions not expressly authorized by statute were merely recommendations, and further directed the court to reimpose the conditions of

---

[1] Montana Supreme Court Internal Operating Rules, Section I, Paragraph 3(d)(v) provides in pertinent part that noncitable opinions "shall not be cited or relied upon as authority in any litigation in any court in Montana except when the decision establishes the law of the case . . . or in a criminal action or proceeding involving the same defendant . . . ."

Vondal's suspended sentence. In May 2014, the District Court issued an amended judgment and sentence pursuant to our order.

¶7 It is from this amended judgment that Vondal filed the petition for postconviction relief at issue here. The District Court concluded that the amended judgment did "not trigger a new postconviction petition filing period." The court accordingly determined that Vondal's petition was untimely under § 46-21-102(1), MCA, and procedurally barred under § 46-21-105(1)(b), MCA.

¶8 Vondal argues on appeal that the conviction he is challenging is the 2014 amended judgment and not the original November 2004 judgment. He contends that "the plain language" of § 46-21-102(1), MCA, does not prohibit an amended judgment from triggering a new filing period for postconviction relief. He similarly contends that § 46-21-105(1)(b), MCA, does not apply because this is the first time he has challenged the "new" 2014 amended judgment. We disagree.

¶9 Under § 46-21-102(1), MCA, Vondal had one year from "the date that the conviction bec[ame] final" to file a petition for postconviction relief. A conviction is defined as "a judgment or sentence entered upon a guilty or nolo contedere plea . . . ." Section 46-1-202(7), MCA. A judgment is defined as "an adjudication by a court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court." Section 46-1-202(11), MCA. "Thus, in order for there to be a conviction, a sentence must be imposed." *State v. Tomaskie*, 2007 MT 103, ¶ 12, 337 Mont. 130, 157 P.3d 691. A sentence is defined as "the judicial

4

disposition of a criminal proceeding upon a plea of guilty or nolo contendere . . . ." Section 46-1-202(25), MCA. Disposition is defined as "[a] final settlement or determination." *Black's Law Dictionary*, 572 (Bryan A. Garner ed., 10th ed. 2014). The amended judgment issued by the District Court pursuant to our order simply clarified that the parole conditions the court originally imposed as part of Vondal's sentence were merely recommendations. The amended judgment did not amount to a "judicial disposition" of the proceeding because it was not the final settlement or determination of the criminal proceeding against Vondal. The amended judgment therefore did not impose a "sentence" under the plain language of § 46-1-202(25), MCA. Accordingly, the amended judgment cannot be considered a "conviction" under the plain language of § 46-1-202(7), MCA, giving rise to a new postconviction petition filing period under § 46-21-102(1), MCA. Vondal was convicted on November 15, 2004.

¶10 Because Vondal did not appeal, his conviction became final when the time for appeal to this Court expired. Section 46-21-102(1)(a), MCA. An appeal must be taken within sixty days of entry of final judgment in a criminal case. M. R. App. P. 4(5)(b)(i). Therefore, Vondal's petition for postconviction relief was time-barred as of January 15, 2005.

¶11 Under § 46-21-105(1)(b), MCA, "[t]he court shall dismiss a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition." Vondal filed for postconviction relief in 2006 and

5

2010. His current petition for postconviction relief does not raise grounds for relief that could not have been raised in the original petition. Accordingly, Vondal's petition for postconviction relief is procedurally barred as a second or subsequent petition under § 46-21-105(1)(b), MCA.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law. We conclude that the District Court did not err in denying Vondal's petition for postconviction relief. Its order of dismissal is affirmed.

/S/ BETH BAKER

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ JIM RICE